VIRGINIA CHASE WEDDELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19822.   Promulgated November 24, 1930.

*E. Randolph Williams, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The counsel for the petitioner has presented an elaborate brief in support of the contention that section 280 of the Revenue Act of 1926 is unconstitutional. We have disposed of this issue in *Henry Cappellini et al.*, 14 B. T. A. 1269, and have cited that case in numerous subsequent decisions. See also *Phillips* v. *Commissioner*, 42 Fed. (2d) 177, and *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208.

The income-tax return of James Harrison Steedman for the year 1920 was filed March 14, 1921, by George H. Steedman, his attorney. James Harrison Steedman died July 1, 1921. His widow, the petitioner, duly qualified as the executrix of his estate and filed on February 16, 1922, the income-tax return of the said James Harrison Steedman for the period from January 1, 1921, to June 30, 1921, inclusive.

It was stipulated that " the assessments were made, as will appear from the photostatic copies of the returns * * * filed as exhibits A and B, respectively." On examination of the exhibits it appears that the assessments were included in the February, 1926, " List," which term means the assessment list of that month. It therefore appears, and there is no contention to the contrary, that the assessment of tax for both years was made in February, 1926.

In support of his contention that the appropriate statutes of limitation serve as a bar to the assessment of the taxes for both years, counsel for the petitioner cites section 280 of the Revenue Act of 1926 and section 1109 of that act. Subdivision (c) of section 280 provides that:

For the purposes of this section, if the taxpayer is deceased * * * the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death * * * not occurred.

Under the appropriate section of the Revenue Acts of 1918 and 1921 assessment must be made for the year 1920 within five years after the return was filed, and for the year 1921 within four years after the filing of the return. Hence, the period for assessment against James Harrison Steedman, the original taxpayer and transferor, would have expired on March 14, 1926, as to the 1920 income taxes, and on February 16, 1926, as to the 1921 income taxes. However, subdivision (b) (1) of the said section 280 provides that the period of limitation for assessment of any liability of a transferee or fiduciary shall be " within one year after the expiration of the period of limitation for assessment against the taxpayer."

Section 1109 of the Revenue Act of 1926 provides:

(a) Except as provided in sections 277, 278, 310 and 311—
(1) Notwithstanding the provisions of section 3182 of the Revised Statutes or any other provision of law, all internal-revenue taxes shall (except as provided in paragraph (2) or (3) of this subdivision) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due.

Subdivisions (a) (2) and (3) of section 277 of that act (not cited by the petitioner's counsel) are as follows:

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Revenue Act of 1921, and by such Act as amended, for the taxable year 1921 and succeeding taxable years, and the amount of income taxes imposed by the Revenue Act of 1924, shall be assessed within four years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.
(3) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

The tax for the year 1920 was assessed within the five-year period prescribed in section 277 (a) (3) and therefore the statute of limitations did not bar the assessment against the transferor and under

the provision of section 280 (b) (1) against the transferee. *Woodley Petroleum Co.*, 16 B. T. A. 253; *A. Cellars et al.*, 16 B. T. A. 411; *Louis Costanzo et al.*, 16 B. T. A. 1294; *Phil Gleichman*, 17 B. T. A. 147; *Caroline J. Shaw, Executrix*, 21 B. T. A. 400.

As to the year 1921, a different situation exists. The period for assessment of the tax against the transferor for that year expired on February 16, 1926, prior to the passage of the Revenue Act of 1926 (February 26, 1926). The record shows that such assessment was made in February, 1926, but it does not show the day of that month when such action was taken. The exact date on which the assessment was made is an essential fact to be proven. The petitioner has failed to sustain that burden. Hence, we can not say that the statute is effective as a bar to the assessment against the transferor.

Section 280 (b) (2) provides:

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

\*      \*      \*      \*      \*      \*      \*

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

The deficiency letter was dated July 15, 1926, well within the limitation prescribed in the above section. The statute of limitations does not bar assessment against the petitioner as the transferee of the assets of the estate of James H. Steedman, deceased.

Reviewed by the Board.

*Decision will be entered for the respondent.*